NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

In re KATHLEEN M. LARKIN,

        Debtor,

Bankruptcy Action No. 12-14635 (KCF)

KATHLEEN M. LARKIN,

        Appellant,

v.

SHAHIRA RAINERI,

        Appellee.

**ON APPEAL FROM THE
BANKRUPTCY COURT OF THE
DISTRICT OF NEW JERSEY**

**Civil Action No. 14-4325 (MAS)**

**Adv. Pro. No. 12-1809 (KCF)**

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Appellant/Debtor Kathleen M. Larkin's ("Larkin") appeal from an order entered by the bankruptcy court on June 5, 2014 ("June 2014 Order"). The June 2014 Order granted summary judgment to Appellee/Plaintiff Shahira Raineri ("Appellee" or "Raineri") and denied Larkin a bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(4)(A). After careful consideration, and for the reasons set forth below, the Court affirms the bankruptcy court's June 2014 Order.

## I.     Jurisdiction and Standard of Review

United States District Courts have jurisdiction to review appeals "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [§] 157 of this title." 28 U.S.C. § 158(a)(l)-(3). The District Court sits "as an appellate tribunal, appl[ying] a clearly erroneous standard to review the bankruptcy court's

factual findings and a de novo standard to review its conclusions of law." *In re Blatstein*, 260 B.R. 698, 705 (E.D. Pa. 2001) (citing *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994)).

## II.    **Background**

This appeal arises out of a Chapter 7 bankruptcy filed by Debtor Larkin. Justin M. Pinck, Esq. ("Pinck") originally represented Larkin in her bankruptcy action. Larkin testified that prior to her bankruptcy filing she met with Pinck, made full disclosure of all her financial information, and was instructed to sign her bankruptcy petition in blank. Even though her attorney told her to sign the petition in blank, Pinck also informed her that he would not file her petition at that time and they would discuss the contents later on. Larkin admitted to signing her bankruptcy petition in blank but stated that Pinck filed the petition without her knowledge and then disappeared. Over a year after the filing, Larkin received a complete copy of the petition her attorney filed. By Order dated October 16, 2013, Pinck was removed from the case as Larkin's attorney.

Raineri, Larkin's civil union partner, filed an adversary complaint against Larkin alleging, among other things, that Larkin made a false oath by omitting various assets and other information from her bankruptcy schedules. Raineri requested that the bankruptcy court deny Larkin a discharge. On February 14, 2014, Raineri filed a motion for summary judgment based on those assertions. Larkin did not deny that her bankruptcy petition filed by Pinck was inadequate. Instead, Larkin opposed the motion and certified that Pinck instructed her to sign the petition in blank with the understanding that he was not going to file it and there would be time to discuss the contents before the petition was filed.

The bankruptcy court granted Raineri's motion for summary judgment pursuant to 11 U.S.C. § 727(a)(4)(A) and thus denied Larkin a discharge. The bankruptcy court's decision concluded that Larkin's false oath was knowingly and fraudulently undertaken as a matter of law.

2

Subsequent to the bankruptcy court's June 2014 Order, Pinck was suspended from the practice of law in the State of New Jersey and the District of New Jersey.[1]

## III.  Analysis

The issue presented on appeal is whether the bankruptcy court erred in granting summary judgment in favor of Raineri and in denying Larkin a discharge under 11 U.S.C. § 727(a)(4)(A). As this appeal involves a review of a grant of summary judgment as a matter of law, a purely legal determination, the Court applies a de novo standard of review. In bankruptcy, summary judgment is governed in the first instance by Federal Rule of Bankruptcy Procedure 7056, which expressly incorporates into bankruptcy proceedings the standards of Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if there is sufficient evidentiary support such that "a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). To decide whether a genuine dispute of material fact exists, the Court must consider all facts, drawing all reasonable inferences in a light most favorable to the non-moving party. *Id.* at 423. Absent a genuine dispute for trial, summary judgment as a matter of law is proper.

---

[1] Larkin additionally filed two motions requesting that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, that: (1) on July 23, 2014, Pinck's license to practice law was suspended by the Supreme Court of New Jersey, and in connection with that suspension he admitted to gross neglect, a pattern of neglect, lack of diligence, and a failure to communicate with the client; and (2) on October 28, 2014, the Bankruptcy Trustee voluntarily dismissed, with prejudice, his adversary proceeding against Larkin, which included assertions of violation of 11 U.S.C. § 727(a)(4). (ECF Nos. 18, 19.) Accordingly, Larkin's motions for judicial notice are granted, and the Court takes judicial notice of these facts insofar as they are relevant here.

On appeal, Larkin contends that the bankruptcy court erred in finding that she made a knowing and fraudulent false oath as a matter of law by signing the bankruptcy petition in blank on the instruction of her attorney. Specifically, Larkin argues that the bankruptcy court erred by failing to consider her advice of counsel defense without an evidentiary hearing. In addition, Larkin argues on appeal that, subsequent to the bankruptcy court's June 2014 Order, Pinck was suspended from the practice of law in the State of New Jersey.[2] Due to the representations of her prior attorney, Larkin contends that a genuine dispute exists as to whether she possessed the intent to defraud.

The bankruptcy court found that Larkin admitted that her bankruptcy petition was false, leaving the only issue as to whether that false oath was undertaken knowingly and fraudulently under 11 U.S.C. § 727(a)(4)(A). Section 727(a)(4)(A) provides that a debtor seeking Chapter 7 relief shall be granted discharge of her debts unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). To obtain a denial of discharge based on a false oath under § 727(a)(4), an objecting party must prove an "actual intent on the part of the bankrupt to hinder, delay, and defraud his creditors." *In re Topper*, 229 F.2d 691, 692 (3d Cir. 1956). It is the objecting party's burden to prove by clear and convincing evidence the allegations of fraud, "but once it reasonably appears that the oath is false, the burden falls upon the bankrupt to come forward with evidence that he [or she] has not committed the offense charged." *Scimeca v. Umanoff*, 169 B.R. 536, 542 (D.N.J. 1993), *aff'd sub nom., In re Scimeca*, 30 F.3d 1488 (3d Cir. 1994) (internal quotation marks omitted). Here, the bankruptcy court rejected Larkin's advice of counsel defense, concluding that Larkin "may not

---

[2] Additionally, Pinck was suspended from practice in the District of New Jersey. *See In re Pinck*, No. 14-247.

hide behind her attorney no matter how bad the attorney's advice might have been." (June 2014 Order 16, ECF No. 10-7.) The bankruptcy court held, as a matter of law, that Larkin's conduct constituted reckless disregard, which is the legal equivalent of actual fraudulent intent. (*Id.* at 18.)

In these circumstances, the Court concludes that the bankruptcy court erred in holding that as a matter of law the signing of a bankruptcy petition in blank constitutes reckless conduct, which is the legal equivalent of actual fraudulent intent. Instead, the undisputed fact that Larkin signed her bankruptcy petition in blank establishes Raineri's burden to prove Larkin's oath was false under § 727(a)(4)(A). Then, it is Larkin's burden to come forward with evidence that she did not commit the offense. *See Scimeco*, 169 B.R. at 542. In support of her burden, Larkin argues that the conduct of her attorney, Pinck, essentially negates, or relieves, her of her false oath. Specifically, Larkin states that she made full disclosure of her assets to Pinck, Pinck instructed her to sign her bankruptcy petition in blank, and Pinck assured her that he would not file the petition for a while. Based on these facts, as well as Pinck's suspension from the practice of law, Larkin argues that summary judgment is improper without an evidentiary hearing.

In construing all facts in favor of Larkin, and drawing all reasonable inferences therefrom, the Court finds summary judgment is still proper as these facts fail to satisfy the advice of counsel defense, and thus, Larkin has failed to meet her burden. Larkin is correct that the Third Circuit has held that "the advice of counsel may provide an excuse for an inaccurate or false oath." *In re Georges*, 138 F. App'x 471, 472 (3d Cir. 2005) (citing *In re Topper*, 229 F.2d at 693). This defense, however, is a limited one. The defense of advice of counsel is only viable when the advice relied upon is legal advice. *Cf. In re Topper*, 229 F.2d 691, 693 (3d Cir. 1956) ("It is entirely understandable that a bankrupt may be guided by the opinion of his counsel as to what comes within the meaning of the provisions of the Bankruptcy Act."); *In re Dolata*, 306 B.R. 97, 150

(Bankr. W.D. Pa. 2004) (holding defense applicable when necessary to ascertain what needs to be disclosed under the bankruptcy provisions); *In re Crest By The Sea, LLC*, 522 B.R. 540 (Bankr. D.N.J. 2014) (holding defense was not applicable because advice was not "legal advice"). The defense of advice of counsel "is not an impenetrable shield" and "is not a defense when it is transparently clear that the advice is improper." *In re Dubrowsky*, 244 B.R. 560, 575 (E.D.N.Y. 2000). "'[A] debtor cannot, merely by playing ostrich and burying his [or her] head deeply enough in the sand, disclaim all responsibility for statements which [s]he has made under oath.'" *Scimeca*, 169 B.R. at 543 (quoting *In re Tully*, 818 F.2d 106, 111 (1st Cir. 1987)).

Here, Larkin signed her name under penalty of perjury on the bankruptcy petition knowing that she was signing it in blank. The bankruptcy petition itself should have alerted Larkin to the fact that she was certifying that the information contained in the document was true and correct. Drawing all reasonable inferences in a light most favorable to Larkin, she has not established how the advice of Pinck—his instruction to sign the petition in blank—was the type of legal advice to which the limited defense of advice of counsel may apply. In addition, Larkin failed to cite any relevant authority, Third Circuit or otherwise, for the proposition that signing a bankruptcy petition in blank upon the instruction of counsel constitutes the type of advice contemplated by this defense. Therefore, as Larkin has not met her burden to come forward to negate the offense charged, summary judgment is appropriately granted to Raineri.

## IV.   <u>Conclusion</u>

For the reasons set forth above, Appellant's appeal is denied, and the bankruptcy court's June 2014 Order is affirmed.  An order consistent with this Memorandum Opinion will be entered.


                                                    MICHAEL A. SHIPP
                                                    UNITED STATES DISTRICT JUDGE

**Dated:** March <u>31st</u>, 2015